**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 19-cv-00842-RM

DAVID LEE SMITH, and
MARY JULIA HOOK,

      Debtors-Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER DISMISSING CASE WITH PREJUDICE

---

Plaintiffs, attorneys who appear pro se, are once again trying to relitigate matters which have been resolved against them.[1] The parties are well-versed with the lengthy history which precedes this adversary proceeding initially filed before the Bankruptcy Court but which was withdrawn entirely by this Court upon motion filed by Plaintiffs. This lengthy history involves Plaintiffs' Chapter 7 bankruptcy case in which the United States filed a Proof of Claim based on alleged taxes and other amounts owed. The Bankruptcy Court granted Plaintiffs a discharge from personal liability on certain debts. (ECF No. 15-2, Order of Discharge.) This lengthy history also involves the case of *LNV Corp. v. Hook et al.*, No. 14-cv-00955-RM-SKC (D. Colo.) (the "Foreclosure Action"), in which Plaintiffs and the United States were defendants. The Court has taken judicial notice of both cases. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169,

---

[1] Because they are attorneys, their filing are not afforded the liberal construction ordinarily given to pro se litigants. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001); *see also Hook v. United States*, 624 F. App'x 972, 976 (10th Cir. 2015) ("Because Ms. Hook is an attorney proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings.").

1171–72 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Eden v. Voss*, 105 F. App'x 234, 240 n.6 (10th Cir. 2004) (recognizing district court may take judicial notice of pleadings in another case).

The Foreclosure Action is completed as is Plaintiffs' bankruptcy case. Plaintiff Hook appealed numerous orders in the Foreclosure Action which the Tenth Circuit has affirmed. *See, e.g., LNV Corp. v. Hook*, 807 F. App'x 893 (10th Cir. 2020); *LNV Corp. v. Hook*, -- F. App'x -- , 2021 WL 1343674 (10th Cir. Apr. 12, 2021). Plaintiff Smith did not appeal and the time for him to do so has long passed. Plaintiffs also appealed certain orders issued by the Bankruptcy Court from their bankruptcy case, but this Court has affirmed. *See In re Hook and Smith*, Civil Action No. 18-cv-03579, ECF Nos. 45, 46.

While this adversary proceeding was before the Bankruptcy Court, the United States filed a motion to dismiss arguing that, as best as it could decipher, Plaintiffs were attempting to bring seven claims. The United States asserted that Claims One through Five were subject to dismissal on various bases. The Bankruptcy Court agreed and granted the motion. (Bankruptcy Adv. Pro. No. 18-01248 TBM, Doc. # 33.[2]) In addition, the Bankruptcy Court issued, *sua sponte*, an order to show cause as to why the remaining claims (six and seven) should not also be dismissed. Claims Six and Seven are, respectively, a claim for "an award of damages based on alleged violation of the automatic stay by the United States" and a claim for declaratory relief to determine the "dischargeability of federal taxes" based on the United States' Proof of Claim in Plaintiffs' Chapter 7 bankruptcy case.

---

[2] Copy of Bankruptcy Court's Order is attached as Exhibit 1.

After this Court withdrew the reference of the adversary proceeding, it adopted the

Bankruptcy Court's show cause order as its own and ordered the parties to respond. The parties

have done so. At issue is whether the remaining two claims should also be dismissed.

The United States' response argues that Claims Six and Seven are subject to dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6). As to Claim Six, the United States

contends Plaintiffs fail to plausibly allege facts to support a claim that the United States had

violated any stay injunction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007) (The

complaint must allege a "plausible" right to relief.); *Frappied v. Affinity Gaming Black Hawk,*

*LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020) (Courts "consider whether [plaintiffs] have set forth

a plausible claim in light of the elements of their claim."). As to Claim Seven for declaratory

relief, the United States contends there are no factual allegations that assert the debt it claimed in

its Proof of Claim is excepted from discharge as to Plaintiffs' personal liability or that it has

attempted to collect such taxes from them personally. As such, the United States argues, Claim

Seven fails to state a claim.

Plaintiffs' response fails to show these claims fail the plausibility standard. The response

argues over what allegedly occurred in the Foreclosure Action and is riddled with arguments

about LNV – a nonparty to this proceeding.[3] After such arguments, Plaintiffs conclude that the

United States' continued litigation of the Foreclosure Action violates the automatic stay and that

Plaintiffs are entitled to a declaratory judgment that the claims in the Foreclosure Action and the

Proof of Claim have been discharged. Plaintiffs' conclusory assertions wholly fail to address

their allegations and explain how they, along with what occurred in the Foreclosure Action, are

---

[3] The Court disregards arguments directed against LNV because it is not a party to this proceeding.

sufficient to state a claim. As such, they are waived. For this reason alone, Plaintiffs fail to show cause as to why these claims should not be dismissed.

Nonetheless, even if the Court were to consider the assertions, they nonetheless fail to state a claim. Here, Plaintiffs rely on what occurred in the Foreclosure Action to show they have stated a claim. Such reliance, however, is misplaced.

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Exceptions to this restriction are "(1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice." *Id.* (quotation marks and citations omitted). As stated, the Court takes judicial notice of the Foreclosure Action and the Chapter 7 bankruptcy case.

This Court presided over the Foreclosure Action and is well aware of what that action entailed and whether it supports either claim. Here, a review of Plaintiffs' conclusory allegations, coupled with the matters in the Foreclosure Action to which Plaintiffs cite, show their claim that the United States violated the automatic stay or any injunction is not plausible. Nothing they rely on supports such claim. The same holds true as to Plaintiffs' claim for declaratory relief as to the dischargeability of their debts – the allegations and records upon which Plaintiffs rely fail to support that the United States is pursuing such debts or taking the position that such debts are not discharged or dischargeable as to Plaintiffs personally.

Accordingly, it is **ORDERED**

(1) That the Order to Show Cause (ECF No. 13) is MADE ABSOLUTE;

4

(2) That Claims One through Five are dismissed in accordance with the Bankruptcy

Court's Order of April 3, 2019;

(3) That Claims Six and Seven are dismissed with prejudice;

(4) That the Clerk shall enter judgment in favor of Defendant and against Plaintiffs; and

(5) That the Clerk shall close this case.

DATED this 27th day of April, 2021.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge

5